UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DONALD G. SMOLINSKI,

Plaintiff,

v.

**DECISION AND ORDER**
07-CV-386S

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,

Defendant.

1. Plaintiff Donald G. Smolinski challenges an Administrative Law Judge's ("ALJ") determination that he is not disabled within the meaning of the Social Security Act ("the Act"). Plaintiff alleges that he became disabled on November 1, 2003, due to diabetes mellitus and hypertension. Plaintiff contends that he is entitled to benefits under the Act because his impairments render him unable to work.

2. Plaintiff filed his application for disability insurance benefits on August 9, 2004. After his application was denied, Plaintiff requested a hearing before an ALJ. The ALJ conducted a hearing on January 19, 2006, at which Plaintiff appeared with counsel and testified. Vocational Expert James Phillips also appeared and testified. The ALJ considered the case *de novo*, and on January 27, 2006, issued a written decision denying Plaintiff's application for benefits. On April 27, 2007, the Appeals Council denied Plaintiff's request for review.

3. Plaintiff filed this action challenging Defendant's final decision on June 14, 2007.[1] On September 17, 2007, Defendant filed a Motion for Judgment on the Pleadings

[1] The ALJ's decision became the Commissioner's final decision in this case when the Appeals Council denied Plaintiff's request for review.

pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Plaintiff's counsel twice failed to respond to the motion as directed before finally filing a response in opposition on February 18, 2008. Defendant filed a reply memorandum on February 28, 2008, at which time this Court took the matter under advisement without oral argument. For the following reasons, Defendant's motion is granted.

4. A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. See 42 U.S.C. §§ 405(g), 1383(c)(3); Wagner v. Sec'y of Health & Human Servs., 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if it is not supported by substantial evidence or there has been a legal error. See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979). Substantial evidence is that which amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982).

5. "To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Williams on Behalf of Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." Rosado v. Sullivan, 805 F. Supp. 147, 153

(S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and will not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." Valente v. Sec'y of Health & Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).

6. The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled under the Act. See 20 C.F.R. § § 404.1520, 416.920. The United States Supreme Court recognized the validity of this analysis in Bowen v. Yuckert, and it remains the proper approach for analyzing whether a claimant is disabled. 482 U.S. 137, 140-42, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987)

7. This five-step process is detailed below:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam) (quotations in original); see also Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999); 20 C.F.R. § 404.1520.

8. Although the claimant has the burden of proof on the first four steps, the Commissioner has the burden of proof on the fifth and final step. See Bowen, 482 U.S. at 146 n.5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984). The final step is divided

into two parts:  First, the Commissioner must assess the claimant's job qualifications by considering his physical ability, age, education and work experience.  Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform.  See 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1520(f); Heckler v. Campbell, 461 U.S. 458, 460, 103 S. Ct. 1952, 1954, 76 L. Ed. 2d 66 (1983).

9.	In this case, the ALJ made the following findings with regard to the five-step process set forth above: (1) Plaintiff has not engaged in substantial gainful activity since the alleged onset of his disability (R. at 18);[2] (2) Plaintiff's diabetes and hypertension are severe impairments within the meaning of the Act (R. at 18); (3) Plaintiff's impairments do not meet or medically equal any of the impairments listed in Appendix 1, Subpart P, Regulation No. 4 (R. at 18); (4) Plaintiff retained the residual functional capacity to perform light work with limitations[3] (R. at 16, 18); (5) Plaintiff is unable to perform any of his past relevant work (R. at 18); and (6) Plaintiff is an "individual closely approaching advanced age" who retains a residual functional capacity to perform work available in the national economy (R. at 18-19).  Ultimately, the ALJ concluded that Plaintiff was not under a disability as defined by the Act at any time through the date of his decision.  (R. at 19.)

10.	Plaintiff maintains that the ALJ's decision is not supported by substantial evidence.  He first argues that the ALJ did not properly consider his subjective complaints and that he lacked objectivity.

---

[2] Citations to the underlying administrative record are designated as "R."

[3] The ALJ found that Plaintiff had the residual functional capacity to "lift/carry 10 pounds frequently and 20 pounds occasionally; and can stand/walk up to six hour [sic] per eight-hour workday.  The claimant cannot perform fine finger manipulations.  He can occasionally climb, bend forward, squat, and kneel.  He should avoid hazards such as working around unprotected heights and moving machinery." (R. at 18.)

An ALJ need not rely solely on a plaintiff's subjective complaints; rather, the ALJ is entitled to evaluate the record as a whole in determining whether a plaintiff's claim of disability is credible and meritorious.  The ALJ is required to set forth the essential considerations upon which his or her decision is based, with sufficient particularity to enable the reviewing court to decide whether the disability determination was supported by substantial evidence.  See Mongeur v. Heckler, 722 F.2d 1033, 1040 (2d Cir. 1983) ("When, as here, the evidence of record permits us to glean the rationale of an ALJ's decision, we do not require that he . . . mention[ ] every item of testimony presented to him or . . . explain[ ] why he considered particular evidence unpersuasive or insufficient to lead him to a conclusion of disability."); see also Miles v. Harris, 645 F.2d 122, 124 (2d Cir. 1981) (holding that the court was unwilling to require the ALJ to explicitly reconcile every conflicting shred of evidence provided that he carefully considered the evidence in reaching his decision).

Here, the ALJ considered Plaintiff's subjective complaints, but concluded that they were not totally credible in light of the objective medical evidence in the record.  The ALJ thoroughly explained his reasons for this finding, particularly that Plaintiff made little effort to improve his own conditions; that Dr. Edgar Bassig's findings were largely unremarkable; that Dr. Bassig determined on November 5, 2004, that Plaintiff had no limitations on his ability to work; that Plaintiff often reported to Dr. Bassig and the Veterans Administration clinic staff that he had no problems or complaints; and that Plaintiff's diagnostic results revealed that his conditions were not disabling. (R. at 13, 14.) In this Court's view, the ALJ sufficiently articulated his rationale for concluding that Plaintiff's subjective complaints regarding his limitations were not totally credible. Cf. Aponte v. Sec'y of Health and Human

Svcs., 728 F.2d 588, 591 (2d Cir. 1984) (holding that it is the job of the Commissioner and not the reviewing court to make determinations on the credibility of witnesses); Carrol v. Sec'y of Health and Human Svcs., 705 F.2d 638, 642 (2d Cir. 1982) (similar).

Plaintiff also argues that statements made by the ALJ at the hearing about his failure to heed medical advice he was given demonstrates that the ALJ lacked objectivity. This Court is not persuaded. First, no evidence has been presented that the ALJ in this case was anything other than impartial; the mere fact that an ALJ makes a negative credibility finding does not mean that he or she is biased. Second, Plaintiff failed to raise any concerns about the ALJ's impartiality either at the hearing or before the Appeals Council. Third, although a plaintiff is certainly free to disregard medical advice, it is not error for an ALJ to consider this fact in determining whether Plaintiff's subjective complaints are credible and consistent with objective evidence in the record.

11. Second, Plaintiff argues that the ALJ improperly rejected the residual functional capacity forms signed by Dr. Michael A. Torres (R. at 155-158) and failed to fully develop the record. But the ALJ's decision contains a thorough explanation for why Dr. Torres's form was discounted. (R. at 15-16.) Significantly, the ALJ determined that Dr. Torres never examined Plaintiff and was not directly involved in his treatment or care, but rather, simply signed the forms prepared and also signed by Nurse Practitioner Julie Schmidt. (R. at 15-16, 158.) Moreover, even assuming that the form properly reflects Dr. Torres's opinion, the ALJ found that it was internally inconsistent. (R. at 16.)

Finally, this Court finds that the ALJ was not required to seek further clarification from Dr. Torres. An ALJ has an obligation to seek further clarification from a medical source when he or she finds a medical report unclear or ambiguous. See 20 C.F.R. § 404.1512(e)(1). Further development of the record is also required when an ALJ finds that

a treating physician's opinion is not well supported by medically acceptable diagnostic and clinical evidence. See Rosa v. Callahan, 168 F.3d 72, 80 (2d Cir. 1999); Schaal v. Apfel, 134 F.3d 496, 505 (2d Cir. 1998). Here, however, despite any ambiguity, the ALJ was not required to seek clarification regarding whether Dr. Torres completed the residual functional capacity forms because even assuming that he did, the ALJ found the form internally inconsistent and in conflict with progress notes prepared by the nurse practitioners. (R. at 16.) Accordingly, the ALJ was not obligated to seek further clarification.

12. Third, Plaintiff argues that the ALJ erred by not presenting the vocational expert with a hypothetical that included limitations alleged by Plaintiff or listed in the form attributed to Dr. Torres. But an ALJ is not required to include limitations in hypotheticals that are not supported by substantial evidence in the record. See Dumas v. Schweiker, 712 F.2d 1545, 1554 (2d Cir. 1983). Consequently, the ALJ did not err.

13. Finally, Plaintiff argues that the ALJ misapplied the age categories in determining that Plaintiff is "an individual closely approaching advanced age," (R. at 18). See 20 C.F.R. § 404.1563(d). Plaintiff maintains that the ALJ should have considered him a "borderline" case because he was four and one-half months away from this fifty-fifth birthday, which would move him into the "advanced age" category. See 20 C.F.R. § 404.1563(e). A "borderline" situation does not exist unless the claimant is "within a few days to a few months of reaching an older age category." 20 C.F.R. § 404.1563(b). Among the district courts in the Second Circuit, three months appears to delineate the outer limits of "a few months." See Davis v. Shalala, 883 F.Supp. 828, 838 (E.D.N.Y. 1995 (three months borderline); Hill v. Sullivan, 769 F.Supp. 467, 471 (W.D.N.Y. 1991) (three months borderline); see also Gravel v. Barnhart, 360 F.Supp.2d 442, 446 n.8 (N.D.N.Y.

2005) (eleven months not borderline); Hunt v. Comm'nr of Social Security, No. 6:00-CV-706, 2004 WL 1557222, at *5 n.14 (N.D.N.Y. 2004) (eight months not borderline). Consequently, this Court finds no error in the ALJ's decision in this regard.

14. After carefully examining the administrative record, this Court finds that substantial evidence supports the ALJ's decision, including the objective medical evidence and medical opinions contained therein. This Court is satisfied that the ALJ thoroughly examined the record and afforded appropriate weight to all of the medical evidence in rendering his decision that Plaintiff is not disabled within the meaning of the Act. Finding no reversible error, this Court will grant Defendant's Motion for Judgment on the Pleadings.

IT HEREBY IS ORDERED, that Defendant's Motion for Judgment on the Pleadings (Docket No. 5) is GRANTED.

FURTHER, that the Clerk of the Court shall close this case.

SO ORDERED.

Dated: September 17, 2008
        Buffalo, New York

                                               /s/William M. Skretny
                                                WILLIAM M. SKRETNY
                                                United States District Judge